UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF GREATER )
NEW YORK LOCAL UNION 1974, IUPAT, AFL-CIO, )
                                              )    Index No.: 18-CIV-7557
          Plaintiffs,                       )
                                              )    **COMPLAINT**
          -against-                        )
                                              )
TOPROCK INTERIORS, INC.                 )
                                              )
                             Defendant.       )

---

Plaintiff, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, (hereinafter referred to as the "Union") by its attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. Section 185).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provision of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391 (b).

4. This action is brought by the Union to obtain injunctive relief, monetary damages and other equitable relief under the Taft-Hartley Act and for breach of contract to secure performance by the Employer of the obligation to abide by and comply with a certain arbitration award and to enforce said award.

## PARTIES

5. The Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

6. The Union's principal office is located and administered at 45 West 14th Street, New York, NY 10011.

7. The Defendant, Toprock Interiors, Inc., ("Employer"), is upon information and belief a corporation duly organized and exists under the laws of New York State with its principal office and place of business located at 470 7th Avenue, Suite 402, New York, NY 10018.

## AS AND FOR A FIRST CLAIM FOR RELEIF

8. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Union and the Employer, are parties to a certain collective bargaining agreement ("CBA") covering certain of its employees.

10. Article XIII Section 11 of the CBA provides that Employer shall register jobs for all work performed non-union employees covered by the Trade Agreement.

11. The Employer failed to register a job and the hiring of a non-Union employee on the job pursuant to Article XIII Section 11 of the CBA for work covered by the Trade Agreement.

12. The Union filed a Demand for Arbitration with the Union's Joint Trade Board ("JTB").

13. The JTB submitted a Notice of Intention to Arbitrate to the Employer.

14. A hearing was duly held before the Joint Trade Committee.

15. An Award of was issued on attached hereto as "Exhibit A".

16. The said Award provided that the Employer, Toprock Interiors, Inc., violated the Trade Agreement by failing to register a job and hiring of a non-Union employee for a job pursuant to Article XIII Section 11 covered by the CBA.

17. The said Award further provided that, as a remedy for the aforesaid violations, the Employer shall pay to the Union the total amount of Two Thousand Dollars ($2,000.00) for distribution as provided in the said Award.

18. Toprock Interiors, Inc. has failed and refused to comply with the Award.

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment confirming and enforcing the said Award; granting judgment against the Employer for of Two Thousand Dollars ($2,000.00); awarding Plaintiff reasonable attorney fees and the costs and disbursements of this action; and granting Plaintiff such other, further or different relief as the Court may deem just, proper or equitable.

Dated: Elmsford, New York
July 6, 2018

*/s/ Lauren M. Kugielska*
Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Plaintiff* Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT District Council No. 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O.
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

# EXHIBIT A

JOINT TRADE BOARD OF THE DRYWALL TAPERS INDUSTRY
-----------------------------------------------------------------------------------X
In the Matter of Arbitration between:

Drywall Tapers and Pointers of Greater New York
Local Union 1974, Affiliated with International Union
Of Allied Painters and Allied Trades, AFL-CIO,

**REVISED DECISION OF THE JOINT TRADE BOARD**

                                Union

    -against-

Top Rock Interiors,

                              Employer.
-----------------------------------------------------------------------------------X

       Pursuant to Article XIV of the Trade Agreement (the "Agreement") between Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with International Union of Painters and Allied Trades, AFL-CIO ("Local 1974" or the "Union") and Drywall Taping Contractors' Association of Greater New York and The Association of Wall-Ceiling & Carpentry Industry of New York and the above captioned Employer, Top Rock Interiors ("Top Rock" or the "Employer"), the following constitutes the Decision of the Joint Trade Board of the Drywall Tapers Industry:

       Local 1974 served a Notice of Intention to Arbitrate, dated April 5, 2018 pursuant to Article XIV of the Agreement charging the Employer with failure to register a job and the hiring of non-Union employees, in violation of Article XIII Section 11 of the Agreement.

       By letter dated April 5, 2018 sent by United Parcel Service, Top Rock was notified that the hearing was scheduled for April 20, 2018 at 9:30 A.M.. The hearing was duly held on April 20, 2018 at 9:30 A.M. at 45 West 14th Street, Mezzanine Floor, New York, New York 10011.

       The following individuals were in attendance at the hearing:

<u>Joint Trade Board</u>:

    John Drew-Union Representative
    Anthony Buscema- Union Representative
    Anthony Verderosa- Employer Representative
    John Donohue- Employer Representative
    Lauren Kugielska- Attorney for JTB

Claimant Representative:

Robert McClinchey

Employer Representative:

Mr. Sullivan

Ms. Kugielska informed the Joint Trade Board, (the "Board") that the 48 Hour Notices of Intent to Arbitrate were sent to the Employer via United Parcel Service on April 5, 2018 and that they were duly received on April 6, 2018.

**Contentions of the Parties:**

Mr. McClinchey reported that on October 23, 2017, he observed non-Union employees performing drywall taping work at a job located at 668 Central Park Avenue, Edgemont, NY, in violation of Article XIII Section 11 of the Agreement. Mr. McClinchey also reported that the job was not registered with the Union.

**Final Decision and Award:**

Thereafter, the Board deliberated and found the Employer guilty for failing to register a job with the Union, in violation of Article XIII Section 11 of the Agreement.

It is the decision of the Board that Top Rock shall pay the following:

**$2,000.00** (fine for failure to register a job with the Union)

Payment shall be mailed **within ten (10) days** from the date of receipt of this Decision directly to Barnes, Iaccarino & Shepherd, LLP at 258 Saw Mill River Road, Elmsford, New York 10523 Attn: Lauren M. Kugielska as follows:

Payment for $2,000.00 fine shall be made payable to the "Joint Trade Board of the Drywall Taping Industry."

This document may be signed in counterparts.

This document may be signed in counterparts.

Date: 4/20/18

_____, Employers' Association
Joint Trade Board

Top Rock Interiors

CR Appearance: Sullivan
10/23/17 - No Registration
+ Non Union Men on Job
@ 66 8 Central Park Ave
Art XIII Sec. 11 Violations

_____, Employers' Association
Joint Trade Board

_____, Employers' Association
Joint Trade Board

_____, Employers' Association
Joint Trade Board

Decision: Guilty - R̶
~~Held in abeyance~~
$2,000 fine (Non Registration)

_____, Employers' Association
Joint Trade Board

, one non-Union member

* willing to waive fine conditioned upon receipt of letter

[signatures]

Date: _____          _____
                               _____, Employers' Association
                               Joint Trade Board

Date: _____          _____
                               _____, Employers' Association
                               Joint Trade Board

Date: _____          _____
                               _____, Employers' Association
                               Joint Trade Board

Date: _____          _____
                               _____, Employers' Association
                               Joint Trade Board

Date: _____          _____
                               _____, Employers' Association
                               Joint Trade Board

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union

1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____

_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on _____, 2018.

Affirmed this _____ day of _____, 2018

_____
_____